IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

JOSHUA LANE, on behalf of himself and all
others similarly situated,

        Plaintiff,

v.

SIKORSKY AIRCRAFT CORPORATION and
SIKORSKY GLOBAL HELICOPTERS, INC.

        Defendants.

Civil Action No.: 15-4106

FILED
DEC 20 2016
LUCY V. CHIN, Interim Clerk
              Dep. Clerk
CJ _____

---

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

This matter comes before the Court on the Motion of the Class Representative, Joshua Lane, by his counsel, the Murphy Law Group, LLC ("Class Counsel"), for an order and judgment finally approving the Joint Stipulation of Settlement and Release ("Agreement"), previously filed with the Court, and dismissing with prejudice all claims asserted in this matter. After reviewing the Agreement and other related materials submitted by the Parties, and considering any and all objections raised to the settlement, and otherwise being fully apprised of all the facts, the Court hereby enters the following Final Order and Judgment:

1. This Court has jurisdiction over the subject matter of this action and over all parties to this action pursuant to 28 U.S.C. §1331, 29 U.S.C § 216(b) and 28 U.S.C. §1367(a), including all members of the Settlement Class, preliminarily certified for settlement purposes only, by Order dated August 31, 2016 and as defined as:

> All persons employed as employees by Sikorsky at Sikorsky's Coatesville, Pennsylvania facility who were paid on an hourly basis for work performed for Sikorsky at any time from July 23, 2012 to the date of this Preliminary Approval Order and who recorded their work time using the electronic time-keeping system at the Coatesville, Pennsylvania facility.

2.     The Court hereby finds that the Settlement Class, as defined above, satisfies the requirements of Fed. R. Civ. P. Rule 23(a), and is maintainable under Rule 23(b)(3), and that the Settlement Class satisfies the requirements to be maintainable as a collective action under 29 U.S.C § 216(b). The Court finally certifies the Settlement Class for purposes of settlement of this action only.

3.     The Notice given to the members of the Settlement Class adequately informed the class members of the terms of the Agreement, their right to opt out of the monetary provisions and pursue their own remedies and their opportunity to file written objections and appear and be heard at the Settlement Hearing regarding the approval of the Agreement. The Court finds that the Class Notice provided satisfied the requirements of Fed. R. Civ. P. 23 (e)(1)(B) and 29 U.S.C. § 216(b).

4.     The Court hereby approves the Agreement and finds that the settlement is fair, reasonable, and adequate to all members of the Settlement Class. The Court finds that extensive investigation, research and litigation has been conducted such that counsel for all parties are able to evaluate their respective risks of further litigation, additional costs and potential delay associated with further prosecution of this action. The Court further finds that the Agreement has been reached as a result of intensive, arms-length negotiations, including mediation with the Court.

5.     Class Counsel should be awarded the amount of $165,652.50 for fair and reasonable attorneys' fees and litigation expenses incurred in the prosecution of this litigation, such award to be paid from the Settlement Amount in full compromise and satisfaction of all attorneys' fees and expenses incurred by Class Counsel as specified in the Agreement. The Claims Administrator, RG/2 Claims Administration LLC, shall be awarded an amount not to

exceed $12,000.00 for fair and reasonable fees and expenses incurred in the administration of the settlement, as well as an additional $3,399.00 in expenses which RG/2 Claims Administration, LLC has already incurred as a result of notice services previously performed in conjunction with the Court's February 4, 2016 Order granting Plaintiff's Motion to Proceed as a Collective Action and Facilitate Notice under 29 U.S.C. § 216(b). Such awards are to be paid from the Settlement Amount as specified in the Agreement.

6.  A service award, which is to be paid from the Settlement Amount as specified in the Agreement, is approved for the following Class Representative who performed substantial services for the benefit of the Settlement Class, in the following amount:

<u>Name:</u>                         <u>Amount:</u>
Joshua Lane                   $5,000.00

7.  The Court finds and determines that the payments to the members of the Settlement Class, as provided in the Agreement and to be determined and paid by the Claims Administrator, are fair, reasonable and adequate and gives final approval to and orders that those payments be made to the members of the Settlement Class who have not requested exclusion from the Settlement in accordance with the Agreement.

8.  This Court hereby dismisses with prejudice all claims and actions in this matter and the claims of all Settlement Class members, except those who timely submitted a valid opt out form as provided for in the Settlement Agreement, based on or arising out of any acts, facts, transactions, occurrences, representations or omissions which are alleged, or which could have been alleged, in the Class and Collective Action Complaint in this matter, on the merits and without costs to any of the parties as against any other settling party, except as provided in the Agreement.

9. All persons who are members of the Settlement Class, except those who timely submitted a valid opt out form as provided for in the Settlement Agreement, are hereby barred and permanently enjoined from prosecuting, commencing, or continuing any claims, causes of action, damages and liabilities of any kind, nature and character whatsoever in law, equity, or otherwise, known or unknown, suspected or unsuspected, that now exist, may exist or heretofore existed, against Defendants, Sikorsky Aircraft Corporation and Sikorsky Global Helicopters, Inc., under the Pennsylvania Minimum Wage Act, the Pennsylvania Wage Payment and Collection Law, and other state and local wage and hour laws, including, without limitation, statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, arising out of, related to, connected with, or based in whole or in part on any facts, transactions, occurrences, representations, or omissions which are alleged, or which could have been alleged, in the Class and Collective Action Complaint in this matter. All members of the Settlement Class, except those who timely submitted a valid opt out form as provided for in the Settlement Agreement, are permanently enjoined from participating in any other lawsuit concerning the claims, causes of action, damages and liabilities set forth in the preceding sentence.

10. All members of the Settlement Class who previously consented to become party-plaintiffs in this Lawsuit pursuant to 29 U.S.C. § 216(b), and have not withdrawn their opt-in notices, will be deemed to have released all claims, rights, demands, liabilities and causes of action arising under the Fair Labor Standards Act ("FLSA"). Thus, they are hereby barred and permanently enjoined from prosecuting, commencing, or continuing any claims, causes of action, damages and liabilities of any kind, nature and character under the FLSA, whether the

claims are known or unknown, suspected or unsuspected, that now exist, may exist or heretofore existed.

11. By endorsing and executing Settlement Payment checks as set forth in the Settlement Agreement, members of the Settlement Class who have not previously consented to become party-plaintiffs in this Lawsuit pursuant to 29 U.S.C. § 216(b), or who withdrew their opt-in notices, will be consenting to be a party-plaintiff in this Lawsuit pursuant to 29 U.S.C. § 216(b) and will be deemed to have released all claims, rights, demands, liabilities and causes of action arising under the FLSA. Thus, they are hereby barred and permanently enjoined from prosecuting, commencing, or continuing any claims, causes of action, damages, and liabilities of any kind, nature, and character under the FLSA, whether the claims are known or unknown, suspected or unsuspected, that now exist, may exist or heretofore existed.

12. The Court retains jurisdiction over this action and the parties to administer, supervise, interpret, and enforce the Settlement Agreement and this Order.

ACCORDINGLY, IT IS FURTHER ORDERED that the plaintiff's unopposed motions for approval of settlement (Document #77) and for approval of attorneys' fees and reimbursement of expenses (Document #78) are GRANTED.

The Clerk of Court is directed to mark this case CLOSED for statistical purposes.

BY THE COURT:

12/19/16
Date

_____
LAWRENCE F. STENGEL; J.